**Jesus TREVINO, also known as
Adalid Montiel–Figueroa,
Plaintiff–Appellant**

v.

**BENTON COUNTY, ARKANSAS; Corey
Coggin, Investigator, Benton County
Sheriff's Office, sued in both official
and individual capacities; Deputy
Travis Newell, Investigator, Benton
County Sheriff's Office, sued in both
official and individual capacities; Na-
than Atchinson, Investigator, Benton
County Sheriff's Office, sued in both
official and individual capacities;
Sheyla Fernandez, Investigator, Ben-
ton County Sheriff's Department, sued
in both official and individual capaci-
ties, Defendants–Appellees.**

No. 14–1110.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 6, 2014.

Filed: Oct. 8, 2014.

Jesus Trevino, Post, TX, pro se.

Robert L. Beard, Jr., Jason E. Owens,
Rainwater & Holt, Little Rock, AR, for
Defendants-Appellees.

Before LOKEN, MELLOY, and
GRUENDER, Circuit Judges.

PER CURIAM.

Jesus Trevino appeals the district
court's [1] adverse grant of summary grant
in his 42 U.S.C. § 1983 action, arising from
his arrest, detention, and prosecution in
Arkansas state court. Trevino also ap-
peals the denial of his motion requesting
that the district court provide a certifica-
tion in support of his application for a "U
Visa."

After careful de novo review, we con-
clude that the grant of summary judgment
was proper. *See Borgman v. Kedley*, 646
F.3d 518, 522 (8th Cir.2011) (grant of sum-
mary judgment is reviewed de novo). In
particular, we find that, contrary to Trevi-
no's arguments on appeal, defendants' affi-
davits were properly considered by the
district court, *see United States v. Brooks*,
645 F.3d 971, 977 (8th Cir.2011) (out-of-
court statements offered to explain propri-
ety of police investigation are not hearsay);
*Aucutt v. Six Flags Over Mid–Am., Inc.*,
85 F.3d 1311, 1317–18 (8th Cir.1996) (affi-
davit recounting reason for decision made
by affiant was based on personal knowl-
edge); and that the undisputed evidence
showed that there was at least arguable
probable cause to arrest Trevino, entitling
defendants to qualified immunity, *see
Borgman*, 646 F.3d at 522–23 (probable
cause for warrantless arrest exists when
totality of circumstances are sufficient to
lead reasonable person to believe that de-
fendant has committed or is committing
offense; arguable probable cause exists
where officer mistakenly arrests suspect, if
mistake is objectively reasonable). We

---

1. The Honorable P.K. Holmes, III, Chief
Judge, United States District Court for the
Western District of Arkansas.

also conclude that the district court properly disposed of Trevino's claims for unlawful stop, search, and seizure, false imprisonment, and malicious prosecution. *See United States v. Frasher*, 632 F.3d 450, 453–54 (8th Cir.2011) (minor traffic violation provides probable cause for stop; inventory searches are well-defined exception to warrant requirement of Fourth Amendment); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir.2001) (malicious prosecution claim is not itself actionable under § 1983); *Anderson v. Franklin Cnty., Missouri*, 192 F.3d 1125, 1132 (8th Cir.1999) (no false imprisonment claim lies where officers had probable cause for arrest); *United States v. Lester*, 647 F.2d 869, 874 (8th Cir.1981) (seizure of property incident to lawful arrest does not violate Fourth Amendment).

Finally, we conclude that the district court did not abuse its discretion in denying Trevino's motion for U–Visa certification. *See Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir.2010) (decision to decline issuance of U–Visa certification was discretionary).

Accordingly, we affirm. *See* 8th Cir. R. 47B.